**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1011
_____

CHRISTY JACKSON,

Appellant

v.

TEMPLE UNIVERSITY HOSPITAL, INC.

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D. C. No. 2-09-cv-00386)
District Judge:  Honorable Mitchell S. Goldberg

_____

Submitted under Third Circuit LAR 34.1(a)
on July 12, 2012

Before:  FUENTES, HARDIMAN and ROTH, Circuit Judges

(Opinion filed: October 18, 2012)

_____

O P I N I O N

_____

**ROTH,** Circuit Judge**:**

Christy Jackson appeals the District Court's grant of summary judgment to her

employer, Temple University Hospital, Inc. (Temple Hospital), on her claims against it

1

alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e - 2000e-17. Jackson claims that Temple Hospital terminated her employment because she is African American and in retaliation for her complaining of racially discriminatory treatment in the workplace. We find that there is no genuine issue of material fact in relation to either of these claims and that the hospital is entitled to judgment as a matter of law on them. We will therefore affirm the District Court's judgment.

## I. BACKGROUND

From 1988 to 2007, Jackson worked as a secretary in the Department of Respiratory Care at Temple Hospital. In the second half of 2006, the hospital's corporate parent, Temple University Health System, Inc. (Temple Health System) incurred significant monetary losses and, in response, sought to reduce operating costs. To this end, it decided to conduct a system-wide reduction in force. In implementing this measure at Temple Hospital, it was determined that the positions that had the least impact on patient care and that involved duties that could be assumed by other employees would be the ones that would be eliminated.

Responsibility for initially identifying such positions within the Respiratory Care Department fell to John Mullarkey, who was Director of Respiratory Care and also Jackson's direct supervisor. This department had 50 employees, and Mullarkey selected for potential elimination the only two positions which did not require state certification in respiratory care – Jackson's secretarial position and an equipment technician position. Mullarkey discussed these possible reductions with his direct supervisor, Cecilia Pemberton, Administrative Director of the Lung Center. She ultimately recommended to

her own supervisor, Sandra Gomberg, Associate Hospital Director, that Jackson's position, but not the equipment technician position, be eliminated.

Gomberg approved this recommendation in January 2007, and on January 29, 2007, Jackson's position was included on the Temple University Health System Remediation Plan, a document listing all positions that would be eliminated. Jackson's name continued to appear on all subsequent revised versions of this document until the reduction in force was officially implemented. That occurred on February 16, 2007, when 450 positions were eliminated system-wide. The reduction encompassed 34 positions at Temple Hospital, among which was Jackson's.

On January 28, 2009, Jackson filed this lawsuit against Temple Hospital in which she alleged that her employment was terminated because she is African American, in violation of both Title VII of the Civil Rights Act of 1964, *see* 42 U.S.C. § 2000e-2(a), and the Civil Rights Act of 1866, *see* 42 U.S.C. § 1981. She also claimed that her employment was terminated in retaliation for her sending a letter to Temple University's Office of Affirmative Action on February 2, 2007, complaining about allegedly racially discriminatory treatment, in violation of the same two statutes.[1] *See* 42 U.S.C. § 2000e-3(a); 42 U.S.C. § 1981. The District Court granted summary judgment on both of these claims to Temple Hospital on December 1, 2010, and Jackson now appeals.

---

[1] Jackson also initially raised a claim under Title I of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* She abandoned that claim in the District Court, and it is not relevant to this appeal.

3

## II. **DISCUSSION**

The District Court properly exercised jurisdiction over Jackson's claims based on 28 U.S.C. § 1331. We do the same with respect to her appeal pursuant to 28 U.S.C. § 1291. Our review of the District Court's grant of summary judgment is plenary. *Blackhawk v. Pennsylvania*, 381 F.3d 202, 206 (3d Cir. 2004). We must accordingly determine whether there is any genuine issue of material fact in relation to Jackson's claims and whether Temple Hospital is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Because both claims are based on circumstantial rather than direct evidence, this analysis must be conducted according to the framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Pamintuan v. Nanticoke Mem'l Hosp.*, 192 F.3d 378, 385-86 (3d Cir. 1999). Under that framework, a plaintiff bears an initial burden of establishing a prima facie case of a Title VII violation. *McDonnell Douglas*, 411 U.S. at 802. If this is accomplished, the burden shifts to the defendant to "articulate some legitimate, nondiscriminatory reason" for the alleged violation. *Id.* "[S]hould the defendant carry this burden, the plaintiff then must have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." *Jones v. Sch. Dist. of Phila.*, 198 F.3d 403, 410 (3d Cir. 1999) (citation omitted). These last two steps of the analysis need not be addressed here, however, because Jackson fails to make out a prima facie case of either claim.

4

*A. Discrimination*

To establish a prima facie case of unlawful employment discrimination under Title VII, a plaintiff must show that (1) she belongs to a protected class, (2) she was qualified for the position she sought to retain or attain, (3) she was subjected to an adverse employment action, and (4) the action occurred under circumstances giving rise to an inference that the adverse action was taken on account of her membership in the protected class. *See Makky v. Chertoff*, 541 F.3d 205, 214 (3d Cir. 2008). To satisfy the fourth element of the prima facie case where, as here, the basis of a plaintiff's claim is an employment termination conducted in the context of a reduction in force, she must present evidence that similarly situated persons outside of her protected class were retained. *See In Re: Carnegie Ctr. Assocs.*, 129 F.3d 290, 294-95 (3d Cir. 1997); *Tomasso v. Boeing Co.*, 445 F.3d 702, 706 n.4 (3d Cir. 2006); *Anderson v. Consol. Rail Corp.*, 297 F.3d 242, 249-50 (3d Cir. 2002). Jackson, however, failed to do so.

She argues that a document in the record known as a "remediation summary" establishes that ten similarly situated employees who were not African American were retained. That document, however, does not include any information on those employees' race or ethnicity, and thus fails to substantiate her claim. She also cites a document summarizing the impact of the reduction in force on non-bargaining employees of six different racial groups. As an initial matter, Jackson is not a non-bargaining employee, meaning that this document relates to a population of which she is not a member and consequently cannot be deemed to pertain to similarly situated employees. Moreover, though it can be deduced from this document that non-bargaining Temple Hospital

5

employees who were not African American were retained, the document only categorizes employees into seven broad groups and is therefore insufficiently detailed to establish that any of those employees was similarly situated to Jackson. There is thus no evidence in the record showing that employees who were similarly situated to Jackson and who were not African American were retained in the reduction in force. She accordingly has not made out a prima facie case of unlawful employment discrimination, and Temple Hospital is entitled to summary judgment on that claim.

### B. Retaliation

To establish a prima facie claim of unlawful retaliation under Title VII, a plaintiff must show that (1) she engaged in activity protected by Title VII, (2) her employer took an adverse action against her, and (3) there was a causal connection between the protected activity and the adverse action. *See Moore v. City of Phila.*, 461 F.3d 331, 340-41 (3d Cir. 2006). Jackson claims that her employment was terminated in retaliation for her sending a letter to Temple University's Office of Affirmative Action complaining of racially discriminatory treatment. It is undisputed that this letter was sent on February 2, 2007. Evidence in the record, though, such as the Temple University Health System Remediation Plan and declarations of Mary Beth Oberg and Sandra Gomberg, shows that the decision to terminate Jackson's position was already made in January 2007. Jackson fails to contradict this evidence. There is accordingly no genuine dispute that the decision to eliminate her position was made before she mailed her letter to the Office of Affirmative Action. Based on this sequence, she cannot establish a causal connection between the termination of her employment and her sending that letter. As a result, she

6

fails to make a prima facie case that the termination constituted unlawful retaliation, and

Temple Hospital was entitled to summary judgment on that claim.

## III.  CONCLUSION

For the reasons explained above, we will affirm the District Court's judgment. [2]

---

[2] Jackson's claims under 42 U.S.C. § 1981 are governed by standards identical to those applicable to her Title VII claims.  *See Jones v. Sch. Dist. of Phila.*, 198 F.3d 403, 410 (3d Cir. 1999).  Therefore, based on our preceding analysis, Temple Hospital is also entitled to summary judgment on Jackson's § 1981 claims.